# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. BERNARD J. HENRY

**Appeal from the Criminal Court for Shelby County**
**No. 02-05634      Arthur T. Bennett, Judge**

---

**No. W2003-03045-CCA-R3-CD  - Filed December 9, 2004**

---

DAVID G. HAYES, Judge, separate concurring opinion.


I join in affirming the defendant's convictions and the majority's conclusion that the defendant's sentences require modification.

The majority opines that modification is compelled by the holding of *Blakely v.* Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004). For those reasons expressed in *State v. Carlos Eddings*, No W2003-02255-CCA-R3-CD (Tenn. Crim. App. at Jackson, June 2, 2004) (Hayes, J., dissenting), I find any sentencing challenge under *Blakely* is now waived for failure to object to the sentencing error at the trial level. Tenn. R. App. P. 36(a). Irrespective of the defendant's reasons for not objecting, it is abundantly clear that trial counsel may not forgo an objection to a trial defect "simply because he thought objection would be futile." *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35 (1982) (citations omitted). Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time. *Id.* Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. *Id.* at 130, 102 S. Ct. at 1573. Certainly the practice of presenting previously rejected claims is clearly implanted in capital case litigation in this state. I see no valid reason to abandon well-established rules of appellate procedure to accommodate an *Apprendi/Blakely* violation, particularly in view of the Supreme Court's recent decision in *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), which held, post-*Apprendi,* that the defendant's claim of right to a trial and finding by a jury on a fact to enhance the defendant's sentence was forfeited because it was not raised at trial. Nonetheless, after *de novo* review, I find that the trial court's application of enhancing factors (3), leader in the commission of the offense, (5) victim was particularly vulnerable due to her age, and (6), victim's treatment was exceptionally cruel, were applied in error. The majority concludes, and I agree, that factor (7) is also inapplicable. Although the proof supports the application of factor (16), abuse of a position of trust, I find that a sentence of twenty years for each conviction is justified by the sentencing proof.


_____
David G. Hayes, Judge